# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PARK CONSULTING GROUP, a Michigan
Limited Liability Company, and
PW MI CANRE MARENGO, LLC, a Michigan
Limited Liability Company,

                                              Case No. 1:22-cv-00321
                                              Hon. Hala Y. Jarbou

          Plaintiff,

v.

MARENGO TOWNSHIP
a Michigan Civil Township.

          Defendant.

---

| | |
|---|---|
| JAFFE, RAITT, HEUER & WEISS, P.C. | FAHEY SCHULTZ BURZYCH RHODES |
| Ethan R. Holtz (P71884) | Christopher S. Patterson (P74350) |
| Salvatore A. Amodeo (P80290) | Shaina Reed (P74740) |
| *Attorneys for Plaintiffs* | Matthew Kuschel (P76679) |
| 27777 Franklin Road, Suite 2500 | *Attorneys for Defendant* |
| Southfield, MI 48034 | 4151 Okemos Road |
| (248) 351-3000 | Okemos, MI 48864 |
| eholtz@jaffelaw.com | (517) 381-0100 |
| samodeo@jaffelaw.com | cpatterson@fsbrlaw.com |
| | sreed@fsbrlaw.com |
| | mkuschel@fsbrlaw.com |
| | |
| | FOSTER SWIFT COLLINS & SWIFT PC |
| | Thomas Meagher (P32959) |
| | Daniel S. Zick (P77950) |
| | *Attorneys for Defendant* |
| | 313 S Washington Sq. |
| | Lansing, MI 48933 |
| | (517) 371-8100 |
| | tmeagher@fosterswift.com |
| | dzick@fosterswift.com |

---

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for July 5, 2022, before Hon.

Phillip J. Green. Appearing for the parties as counsel will be:

Ethan R. Holtz, on behalf of Plaintiff

Daniel S. Zick, on behalf of Defendant

1.    **Jurisdiction**: The basis for the Court's jurisdiction is:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' Equal Protection, Procedural Due Process, Substantive Due Process, and Takings Clause claims arise under the laws of the United States Constitution; because Plaintiffs seek to redress constitutional violations and deprivations of law under color of law, of rights, privileges, and immunities secured by the United States Constitution pursuant to 28 U.S.C. § 1343(a)(3); because Plaintiffs seek equitable relief under 28 U.S.C. § 1343(a)(4); because Plaintiffs seek declaratory injunctive relief under 28 U.S.C. § 2201; 2202; and under 42 U.S.C. § 1988 to secure costs and reasonable attorney fees as part of this case.

This Court has supplemental jurisdiction over Plaintiffs' claims for Writ of Mandamus, Equitable and Promissory Estoppel, and claims brought under the Michigan Constitution pursuant to 28 U.S.C. § 1367 because they occurred in this District, Plaintiffs suffered damages in this District, and because the state law claims are so related to the claims arising under federal law that they form part of the same case or controversy under Article III of the U.S. Constitution.

Defendant's Objection:

Defendant objects to the exercise of subject matter jurisdiction over Plaintiffs' federal claims on the basis that said claims seek relief which is illegal under federal law, specifically the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.* Defendant further contends that subject matter jurisdiction is improper on the basis that Plaintiffs' claims are not ripe as they have failed to exhaust available administrative remedies and there has been no final decision of the local Construction Board of Appeals. Defendant also objects to jurisdiction over Plaintiffs' claims for declaratory relief under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201, as the DJA is discretionary in nature and this Court should decline to exercise such jurisdiction as doing so would increase friction between federal and state courts and improperly encroach on state jurisdiction.

2

*Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984).

Defendant objects to the exercise of supplemental jurisdiction over Plaintiffs' state law claims on the basis that exercise of supplemental jurisdiction over Plaintiffs' state law claims is discretionary and this Court should decline to exercise such jurisdiction pursuant to 28 U.S.C. § 1367(c) as Defendant contends that Plaintiffs' claims raise novel or complex issues of Michigan law and that these determinations of Michigan law substantially predominate over Plaintiffs' federal claims. Defendant further objects to the exercise of supplemental jurisdiction pursuant to the *Burford* abstention doctrine as this case presents difficult questions of Michigan law bearing on public policy problems of substantial public interest and the adjudication of these matters in a federal forum would be disruptive of the state of Michigan's efforts to establish a coherent policy with respect to these matters. *New Orleans Public Service, Inc. v Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

2.    **Jury or Non−Jury**: This case is to be tried before a jury.

3.    **Judicial Availability**: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.    **Statements of the Case**:

**Plaintiffs' Statement of Case[1]**:

This case involves claims by Plaintiffs seeking equitable, declaratory and injunctive relief arising out of Township's false promises, constitutional violations by the Township's deprivation of Plaintiffs' civil rights through its refusal and failure to comply with its own ordinances and state law as well as a common dispute resolution mechanism.

Plaintiff PW MI Candre Marengo, LLC ("PW") was induced to purchase 22695 J. Drive North, Marshall, MI 49068 ("Property") and subsequently invest significant monies into the Property based upon representations from Township officials that an existing greenhouse ("Greenhouse") on Property that had been built and used to commercially grow peppers by the prior owner was "fully approved," "ready to go," and could be utilized for the cultivation of cannabis without further

---

[1] Defendant does not accept Plaintiffs' Statement of the Case and reserves all rights and objections associated therewith.

Township approval beyond issuance of a Township Class C Grower License ("Grower License") and appropriate State of Michigan licenses. After Plaintiffs paid for and received its Grower Licenses from the Township, Plaintiffs proceeded to apply to the Michigan Cannabis Regulatory Agency ("CRA") for a state license. MRA Regulation 420.9(5)(a) requires that an applicant provide CRA with a certificate of occupancy ("CO") for its proposed location, where such documentation is required by the municipality or "alternative documentation from the building authority," when a CO is not applicable ("CO equivalent").

The existing Greenhouse was constructed on the Property in or about 2013, without the issuance of any building permits of any kind, and then operated as a commercial greenhouse, growing peppers, without either a CO or building permits, and never received any building violations as a result thereof the whole time it was in operation until 2019. Since the existing Greenhouse at the Property was and always has been treated by the Township as an agricultural structure, Township never required it to have CO or building permits and is "grandfathered" exempt from the Michigan Building Code ("MBC") and Stille-Derossett-Hale Single State Construction Code, MCL 125.1510(8).  Moreover, pursuant to the Township Zoning Ordinance, an agricultural structure such as the Greenhouse is expressly exempt for any requirement to obtain building permits.

Accordingly, Plaintiffs requested that the Township execute the CO equivalent, a simple two-sentence letter confirming that the Property never had a CO because it was an agricultural property, which the CRA agreed it would accept in lieu of a CO. At that point, however, Township Building Official Joseph Israel ("Mr. Israel") and Township Building and Zoning Manager Hamilton ("Ms. Hamilton") intervened and would not permit the Township to execute the requested letter, simply because they believed that changing the plant grown in the existing Greenhouse from peppers to cannabis changed the use and occupancy of the existing Greenhouse from agricultural to industrial and thus the existing Greenhouse was now required to apply for building permits and seek a CO, despite that it had been built and operated for years without either. The Greenhouse/Nursery is and never was an industrial or commercial building, simply changing the plant grown in the Greenhouse does not change the use or occupancy of the Greenhouse, and it thus remains exempt from the MBC and State Construction Code.

The Township contracts and/or employs South Central Michigan Construction Code Inspection, Inc. ("SCMCCI") and its principals, employees, and agents, including Mr. Israel and Township Building and Ms. Hamilton, to conduct its code inspection. The Township pays SCMCCI for its rulings and findings. Upon information and belief, if the Greenhouse is designated industrial, the Greenhouse

4874-5871-4150

will be subject to SCMCCI's inspections and will generate significant revenues for SCMCCI. Mr. Israel and Ms. Hamilton's position with regard to the change in use from agricultural to industrial is not grounded in law or fact and, upon information and belief, is motivated by their positions with SCMCCI and its role as the Township's code enforcement subcontractor.

In fact, as is custom and practice in Michigan, in the event of a dispute with a building official, Plaintiffs can seek an opinion from a building official from an adjacent township. The Township confirmed that this is a common dispute resolution mechanism. Plaintiffs obtained opinions from three building officials representing twelve neighboring townships who agreed and supported Plaintiffs' position that the Greenhouse was not subject to the MBC.

The Township and Township Supervisor David Fountain ("Mr. Fountain"), however, refused to accept these opinions and still refused to execute the requested letter, stalling Plaintiffs' application with CRA and causing Plaintiffs millions of dollars in damages. The Township insists that Plaintiffs are required to raise this issue before the Township Construction Board of Appeals ("CBA"), but this is inaccurate. The CBA's purview, pursuant to MBC 113.1, is to provide a means of appeal of a decision of an enforcing agency and, upon information and belief, the Township must have a CBA. Because SCMCCI, upon information and belief, has the right to review and approve the Township's budget, the rulings of the CBA could financially benefit SCMCCI.

Upon information and belief, the members of the CBA are selected by the same individuals who prepare the Township's budget. SCMCCI's ties to the CBA therefore undermine its independence with respect to its ability to fairly and impartially evaluated Plaintiffs' use designation. Additionally, upon information and belief, SCMCCI appears to have a conflict of interest and greatly benefits if this existing Greenhouse property falls under its jurisdiction. SCMCCI stands to earn revenues if the Property requires building permits and is not exempt from the MBC.

Plaintiffs, through the Property and its cultivation operation, will pay annual fees in excess of $100,000, create approximately 100 jobs, and pay applicable taxes, generating significant revenue for the Township that has a population of 2,200 and annual revenues of approximately $700,000. Indeed, Park paid the Township in excess of $100,000 for permits alone and SCMCCI's demand's could increase that number significantly.

Fundamentally, greenhouses are exempt from the State Construction Code and MBC as pursuant to MCL 125.1502a and the definition of "building" pursuant

to the MBC, because "The term does not include a building incidental to the use for agricultural purposes of the land on which the building is located if it is not used in the business of retail trade." Moreover, the Township's own Zoning Ordinance provides that agricultural buildings are exempt from building permit requirements.

The Township has no authority to require a CO or building permits in the first place, since the existing Greenhouse is "grandfathered" and exempt from the MBC, as pursuant to MBC 101.2, it only applies to a "building," which the existing Greenhouse is not as described above.

Accordingly, the Township's CBA does not have jurisdiction because the existing Greenhouse is exempt from the MBC, exempt from building permit requirements pursuant to the Zoning Ordinance and the MBC provides that the CBA only has authority to hear an appeal in accordance with Stille-Derossett-Hale Single State Construction Code, which the Greenhouse is exempt from pursuant to MCL 125.1510(8).

Since the existing Greenhouse is exempt from the MBC and State Construction Code and there are issues associated with SCMCCI's motivations and control over the CBA, an administrative appeal is futile and Plaintiffs should not be forced to proceed through an administrative process that has no jurisdiction over them and will likely forestall relief Plaintiffs are entitled to, causing further delay and damage.

**Defendant's Statement of Case**[2]:

This case involves claims by Plaintiffs seeking equitable, declaratory, and injunctive relief arising out of a dispute over the applicability of the provisions of the Michigan Building Code and/or State Construction Code to a greenhouse owned by Plaintiffs in which Plaintiffs intend to grow marihuana pursuant to the provisions of the Michigan Medical Marihuana Facilities Licensing Act ("MMFLA") and Michigan Regulation and Taxation of Marihuana Act ("MRTMA"). Defendant asserts that this case - which is entirely predicated on the interpretation of Michigan law, its administrative code, and local building ordinances - is solely the result Plaintiffs' own steadfast refusal to comply with the regulatory process for establishing a facility for the cultivation of cannabis and marihuana products in the State of Michigan and this Court should decline to exercise jurisdiction over this matter.

---

[2] [2] Plaintiffs do not accept Defendant's statement of the case and reserve all rights and defenses associated therewith.

4874-5871-4150

Plaintiffs purchased 22695 J. Drive North, Marshall, MI 49068 ("Property"), located within Defendant's Township. The Property is a 65-acre parcel of land located within the Township's Marihuana Overlay District. Situated on the Property is an approximately 550,000 square foot greenhouse ("Greenhouse") that was constructed by a previous owner of the Property in 2013 and which was previously utilized to grow peppers. Plaintiffs intend to utilize the Greenhouse as part of their planned marihuana cultivation operation.

After purchasing the Property, Plaintiffs applied for and were granted Class C Grower Licenses, a conditional use permit, and site plan approval from the Township. Plaintiffs then sought to apply to the Michigan Marijuana Regulatory Agency (now the Cannabis Regulatory Agency or "CRA"). The CRA requires that an applicant provide a certificate of occupancy ("CO") for its proposed location where such documentation is required by the municipality, or "alternative documentation from the building authority," where a CO is not applicable ("CO equivalent").

Plaintiffs concluded that a CO is not required for the subject Property and Greenhouse, asserting that the Greenhouse is "grandfathered" as exempt from the Michigan Building Code and Stille-Derossett Hale Single State Construction Code ("State Construction Code") as an agricultural structure. Plaintiffs claim that the Greenhouse did not previously require a CO when it was used to grow peppers, and since peppers and marihuana are both plants, that the Greenhouse's use or occupancy is not legally altered. Based on this assumption, Plaintiffs requested from the Township a CO equivalent, rather than seeking a CO.

The Township's position is that the change in use of the Greenhouse – from growing peppers, an unregulated agricultural product, to growing marihuana, a heavily-regulated psychoactive substance which remains illegal both federally and in most states – changed the Greenhouse's designation from agricultural to industrial, thereby subjecting the Greenhouse to the MBC and State Construction Code and requiring that Plaintiffs obtain a CO for the Property. The Township declined to sign a CO equivalent as requested by Plaintiffs and directed Plaintiffs to follow the same procedures as all other marihuana cultivators in Michigan. Plaintiffs were informed they could either apply for a CO by complying with the MBC and State Construction Code or file an appeal with the local Construction Board of Appeals ("CBA") in order to address their disputes regarding the applicability of the MBC and State Construction Code to the Property and Greenhouse. The CBA has jurisdiction to determine the applicability of the MBC and State Construction Code to a structure. MCL 125.1514. Adverse decisions from the CBA can be appealed to the Construction Code Commission. MCL 125.1516. Plaintiffs have adamantly

7

refused to utilize this available administrative process and obtain a final determination regarding their request for a CO equivalent.

Rather than simply follow the procedures applicable to all other marihuana cultivators in the State of Michigan, Plaintiffs instead have brought this action seeking a writ of mandamus requiring the Township to issue a CO equivalent and a declaratory judgment stating that the Greenhouse is an agricultural structure and therefore exempt from the MBC and State Construction Code, as well as substantive and procedural due process claims, equal protection claims, and takings claims under 42 U.S.C. § 1983, and common law equitable/promissory estoppel theories, seeking money damages for alleged lost profits associated with their inability to grow marihuana on the Property without a CO or CO equivalent. Defendant asserts that these claims are not ripe for adjudication as Plaintiffs have not exhausted their administrative remedies and have not even sought, let alone obtained, a final decision regarding their request to be exempt from the MBC and State Construction Code, that Plaintiff's Complaint seeks relief which is illegal under federal law, specifically he Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*, and that this Court should refuse to exercise supplemental jurisdiction over Plaintiffs' claim for declaratory relief and state law claims pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 1367(c), and the *Burford* abstention doctrine as Plaintiffs' state law claims substantially predominate over any federal claims Plaintiffs have asserted and this case involves novel and complex issues of Michigan law which Michigan courts have a greater interest in determining.

5.    **Prospects of Settlement**: The status of settlement negotiations is: Plaintiffs have made a written settlement demand to Defendant on May 17, 2022. No further settlement communications have taken place since that time.

6.    **Pendent State Claims**: This case includes pendent state claims for Writ of Mandamus, Equitable and Promissory Estoppel, and claims brought under the Michigan Constitution pursuant to 28 U.S.C. § 1367 because they occurred in this District, Plaintiffs suffered damages in this District, and because the state law claims are so related to the claims arising under federal law that they form part of the same case or controversy under Article III of the U.S. Constitution.

Defendant's objection:

Defendant objects to the exercise of supplemental jurisdiction over Plaintiffs' state law claims on the basis that exercise of supplemental jurisdiction over Plaintiffs' state law claims is discretionary and this Court should decline to exercise such jurisdiction pursuant to 28 U.S.C. § 1367(c) as Defendant contends that

8

Plaintiffs' claims raise novel or complex issues of Michigan law and that these determinations of Michigan law substantially predominate over Plaintiffs' federal claims. Defendant further objects to the exercise of supplemental jurisdiction pursuant to the *Burford* abstention doctrine as this case presents difficult questions of Michigan law bearing on public policy problems of substantial public interest and the adjudication of these matters in a federal forum would be disruptive of the state of Michigan's efforts to establish a coherent policy with respect to these matters. *New Orleans Public Service, Inc. v Council of City of New Orleans*, 491 U.S. 350, 361 (1989).

7. **Joinder of Parties and Amendment of Pleadings**:  as the result of recent events that have occurred subsequent to the commencement of this action, it is anticipated that Plaintiffs would seek to file an amended complaint.

8. **Disclosures and Exchanges**:

   a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: Plaintiffs' Disclosures due July 19, 2022; Defendant's disclosures due July 19, 2022.

   b. The plaintiffs expect to be able to furnish the names of plaintiffs' expert witness(es) by July 30, 2022. Defendant expects to be able to furnish the names of defendant's expert witness(es) by August 30, 2022.

   c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: Plaintiffs' report due July 30, 2022; Defendant's report due August 30, 2022.

   d. The parties have agreed to make available the following documents without the need of a formal request for production:

From plaintiff to defendant by August 1, 2022:

- All communications by and between any employee, agent, official and/or other representative of Plaintiffs and any building or code official, board member, trustee, supervisor, or any other representative of any other Michigan

township concerning the proposed use of the subject Greenhouse to grow or cultivate marihuana.

- All documents provided by Plaintiffs to any building or code official, board member, trustee, supervisor, or any other representative of any other Michigan township regarding the subject Property and/or Greenhouse and its proposed use to grow or cultivate marihuana.

- All communications or documents which Plaintiffs claim to have relied on in concluding that the subject Property and/or Greenhouse was approved for the cultivation of marihuana without having to obtain a certificate of occupancy ("CO"), or without being subject to the provisions of the Michigan Building Code and State Construction Code.

- All communications by and between any employee, agent, official and/or other representative of Plaintiffs and any previous owners, tenants, or occupants of the subject Property.

- All communications by and between any employee, agent, official and/or other representative of Plaintiffs and any other proposed purchasers of the subject Property.

- All communications between any employee, agent, official, and/or other representative of Plaintiffs and any employee, agent, official, and/or other representative of the Marijuana Regulatory Agency ("MRA") and/or the Cannabis Regulatory Agency ("CRA") regarding the subject Property and/or Greenhouse.

- All communications between any employee, agent, official, and/or other representative of Plaintiffs and any employee, agent, official, and/or other representative of the Marijuana Regulatory Agency ("MRA") and/or the Cannabis Regulatory Agency ("CRA") regarding whether a structure used to grow marihuana is exempt from the requirements of the of the Michigan Building Code, the State Construction Code, and/or other building codes.

- All communications, memorandums, advisory opinions, or other documents obtained by Plaintiffs, or any employee, agent, official, and/or other representative of Plaintiff, from any agency of the State of Michigan, including, but not limited to, the Michigan Department of Agriculture and

10

Rural Development (MDARD) and the Cannabis Regulatory Agency (CRA), stating that marihuana is an agricultural product.

- All communications, memorandums, advisory opinions, or other documents obtained by Plaintiffs, or any employee, agent, official, and/or other representative of Plaintiff, from any agency of the State of Michigan stating a structure used in the cultivation or growth of marihuana is exempt from the requirements of the Michigan Building Code, the State Construction Code, or other applicable building ordinances.

- All communications, memorandums, advisory opinions, or other documents obtained by Plaintiffs, or any employee, agent, official, and/or other representative of Plaintiff, from any agency of the State of Michigan stating the subject Greenhouse and/or Property does not require a certificate of occupancy ("CO").

From defendant to plaintiff by August 1, 2022:

- The current contract between Marengo Township and South Central Michigan Construction Code Inspections.

- Any other documents concerning the method of and/or structure of compensation of South Central Michigan Construction Code Inspections for inspection services performed for Marengo Township.

- Copies of any insurance policies held by Marengo Township that are in effect for 2021-2022.

- Copies of any building permits applied for and/or issued to, at any time, by any owner of, on behalf of and/or related to 22695 J. Drive North, Marshall, MI 49068 (the "Property").

- Copies of any certificates of occupancy applied for and/or issued to, at any time, by any owner of, on behalf of and/or related to the Property.

- Copies of any Building, Ordinance, Code, Criminal and/or other violations issued to and/or concerning the Property.

- All communications by and between any employee, agent, official, Board Member, Planning Commission Member and/or other representative of

4874-5871-4150

Marengo Township concerning the Property and/or the use of the Property grow cannabis and/or any other marihuana product.

- All communications by and between any employee, agent, official, Board Member, Planning Commission Member and/or other representative of Marengo Township with any employee, officer, director and/or agent of South Central Michigan Construction Code Inspections concerning the Property.

- All documents and/or communications concerning any ruling or decision of South Central Michigan Construction Code Inspections that a greenhouse located at the Property is an agricultural structure, exempt from the Michigan Building Code, does and/or does not require building permits and/or a certificate of occupancy.

- All documents and/or communications concerning any ruling or decision of South Central Michigan Construction Code Inspections that a greenhouse located at the Property, if used to grow marihuana, is an industrial structure, subject to the Michigan Building Code, is required to obtain building permits and a certificate of occupancy.

- All documents and/or communications concerning any greenhouses/nurseries with the jurisdiction of the Marengo Township, including but not limited to, documents evidencing whether such greenhouses/nurseries have ever applied for and/or received building permits, certificates of occupancy, violation notices of the Michigan Building Code and or any Marengo Township ordinances.

- All communications between any employee, agent, official, Board Member, Planning Commission Member and/or other representative of Marengo Township with any agency, department and/or unit of the State of Michigan concerning whether or not growing marihuana plants converts an agricultural property to an industrial use and/or activity, subject to the Michigan Building Code.

9. **Discovery**: Plaintiffs believe that all discovery can be completed by September 30, 2022.[3] Defendant believes that all discovery can be completed by October 31, 2022. The parties recommend the following discovery plan:

---

[3] Plaintiff has filed a Motion pursuant to Rule 57 FRCP seeking an immediate trial of its claim for declaratory judgment. Plaintiff believes that claim is ready for trial and does not require additional discovery. The following dates are without prejudice thereto.

4874-5871-4150

a.  The parties propose the following schedule for Rule 26(a)(1) disclosures: Plaintiffs' Disclosures due July 15, 2022; Defendant's disclosures due July 19, 2022.

b.  Subjects on which discovery may be needed: the relationship between Defendant and South Central Michigan Construction Code Inspections, Defendant's history of the Property and any applications for or issuance of permits or certificates in connection therewith, Defendant's creation of a Marihuana Overlay District, Defendant's communications and other documents concerning the Property, Plaintiffs' communications with any individuals or entities regarding the Property prior to purchasing the Property, Plaintiffs' basis for their conclusion that marihuana is an "agricultural product" under Michigan law, Plaintiffs' basis for the conclusion that a greenhouse structure used to grow or cultivate marihuana is not subject to the MBC or State Construction Code, and Plaintiffs' communications and other documents concerning the Property; discovery should be completed by October 31, 2022; discovery need not be conducted in phases.

c.  The parties have discussed the production of electronically stored information ("ESI") and have agreed to handle the production of all such ESI in accordance with the format contemplated on the attached **Exhibit A**.

d.  The parties agree to exchange privilege logs in accordance with Federal Rule of Civil Procedure 26(b)(5). The parties do not believe a protective order is necessary or appropriate in this case.

e.  The parties do not believe any limitations on discovery should be imposed at this time.

10.  **Disclosure or Discovery of Electronically Stored Information**: The parties have discussed the production of electronically stored information ("ESI"), and have agreed to handle the production of all such ESI in accordance with the format contemplated on the attached **Exhibit A**.

11.  **Assertion of Claims of Privilege or Work−Product Immunity After Production**: The parties agree to exchange privilege logs in accordance with Federal Rule of Civil Procedure 26(b)(5). The parties do not believe a protective order is necessary or appropriate in this case.

4874-5871-4150

12.     Motions: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

Plaintiffs have already filed a motion for an expedited trial pursuant to FRCP 57, which had been fully briefed by the parties.

The following dispositive motions are contemplated by each party:

Plaintiffs intend to file a motion for summary judgment.

Defendant intends to file a motion for summary judgment.

The parties anticipate that all dispositive motions will be filed by October 31, 2022.

13.     **Alternative Dispute Resolution**: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: the parties request that this case be submitted to voluntary facilitative mediation (W.D. Mich. LCivR 16.3) within the next 30 days.

14.     **Length of Trial**: Counsel estimate the trial will last approximately 3 days total, allocated as follows: 1.5 days for plaintiff's case, 1.5 days for defendant's case.

15.     **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16.     **Other**: On April 7, 2022, Plaintiffs filed a Motion for Expedited Hearing Pursuant to Fed. R. Civ. P. 47 [ECF No. 10]. Plaintiffs request that their motion be set for hearing on the soonest possible date.  Defendant opposes Plaintiffs' Rule 57 Motion but does not object to this Court scheduling oral argument on said

Motion.

Jointly Submitted,

/s/ Ethan R. Holtz                          /s/ Daniel S. Zick
Ethan R. Holtz                              Daniel S. Zick
Counsel for Plaintiffs                      Counsel for Defendant

14107:00402:6433449-1

4874-5871-4150